# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71563-1-I |
| Respondent, | ) | DIVISION ONE |
| v. | ) | |
| KEVIN ROBERT SKAAR, | ) | UNPUBLISHED |
| Appellant. | ) | FILED: June 15, 2015 |

COX, J. – Kevin Skaar appeals his conviction for attempted commercial sexual abuse of a minor, claiming that his right to a unanimous jury was violated. There was sufficient evidence to support each of the alternative means of committing the crime. Thus, jury unanimity as to means was not required. None of Skaar's arguments in his statement of additional grounds warrant relief. We affirm.

In April 2013, a detective with the Seattle Police Department posed as a 15-year-old prostitute and posted an advertisement soliciting sex on Craigslist. Skaar responded to the advertisement. After exchanging several e-mails, Skaar agreed to pay $50 for oral sex. The two arranged to meet at a Park & Ride at 7:00 p.m. When Skaar arrived at the Park & Ride at the designated time, police officers arrested him.

Thereafter, the State charged Skaar with one count of attempted commercial sexual abuse of a minor. The case proceeded to a trial. The jury unanimously found Skaar guilty as charged.

Skaar appeals.

## UNANIMOUS JURY

Skaar argues that he was deprived of his constitutional right to a unanimous jury. We disagree.

Article I, section 21 of the Washington Constitution guarantees criminal defendants the right to a unanimous jury verdict.[1] "This right may also include the right to a unanimous jury determination as to the means by which the defendant committed the crime when the defendant is charged with (and the jury is instructed on) an alternative means crime."[2]

"In reviewing this type of challenge, courts apply the rule that when there is sufficient evidence to support each of the alternative means of committing the crime, express jury unanimity as to which means is not required."[3] "If, however, there is insufficient evidence to support any means, a particularized expression of jury unanimity is required."[4]

---

[1] CONST. art. I, § 21.

[2] State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014) (emphasis omitted).

[3] Id.

[4] Id.

Here, the parties both assert that commercial sexual abuse of a minor is an alternative means crime. We assume, without deciding, that this is true. We also assume that the right to unanimity as to means applies when the defendant is charged with an attempted alternative means crime.

The jury in this case was not instructed that it must be unanimous as to the means by which Skaar committed the crime. Thus, the question we must answer is whether sufficient evidence supported each of the alternative means of committing the crime of attempted commercial sexual abuse of a minor.

"Evidence is sufficient if, viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5]

There are three ways for a person to commit Commercial Sexual Abuse of a Minor:

> (a) He or she pays a fee to a minor or a third person as compensation for a minor having engaged in sexual conduct with him or her;
>
> (b) He or she pays or agrees to pay a fee to a minor or a third person pursuant to an understanding that in return therefore such minor will engage in sexual conduct with him or her; or
>
> (c) He or she solicits, offers, or requests to engage in sexual conduct with a minor in return for a fee.[6]

Skaar does not dispute that sufficient evidence existed to support a finding that he committed attempted commercial sexual abuse of a minor by either of the

---

[5] Id. at 99.

[6] RCW 9.68A.100(1).

3

latter two means. His only contention is that the State did not present sufficient evidence to support the first means. In particular, Skaar argues that "the first alternative means requires a past sex act." He asserts that the State was required to present evidence that he "intended to pay a minor with whom he already had sex."

Skaar is mistaken. Because the State charged Skaar with attempt, not the completed offense, the State was not required to show a past sex act.

"A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime."[7] "The intent required is the intent to accomplish the criminal result of the base crime."[8] "A substantial step is an act that is 'strongly corroborative' of the actor's criminal purpose."[9] "[I]t makes no difference in the case of attempt offenses that the harm that the underlying criminal offense statute addresses does not occur."[10]

Accordingly, to prove that Skaar committed attempted commercial sexual abuse of a minor by the first alternative means, the State had to show only that Skaar (1) intended the criminal result, and (2) took a substantial step toward accomplishing that result.

---

[7] RCW 9A.28.020(1).

[8] State v. Johnson, 173 Wn.2d 895, 899, 270 P.3d 591 (2012).

[9] Id. (quoting State v. Luther, 157 Wn.2d 63, 78, 134 P.3d 205 (2006)).

[10] Luther, 157 Wn.2d at 74.

The evidence in this case included multiple e-mails between Skaar and "Sexxyjen16," a fictitious 15-year-old girl. In two e-mails, "Sexxyjen16" told Skaar that she was 15 years old. Skaar negotiated with "Sexxyjen16" and agreed to pay her $50 to engage in oral sex. Skaar proposed a location and a time to meet her. He appeared at that proposed location at the agreed upon time. Skaar arrived with exactly $50 in his pocket.

This evidence, viewed in the light most favorable to the State, is sufficient to allow a rational juror to conclude that Skaar intended to pay a fee to a minor as compensation for a minor having engaged in sexual conduct with him and that Skaar took a substantial step toward that result. Thus, sufficient evidence supports the first alternative means, which is the only one challenged by Skaar on appeal.

In sum, because sufficient evidence supports each of the alternative means, jury unanimity as to means was not required.

## COMMUNITY CUSTODY CONDITION

Skaar argued in his briefing that one of his community custody conditions, a curfew condition, should be stricken from the judgment and sentence because it was not crime-related. The State conceded error on this point and agreed that the condition should be stricken. Skaar subsequently moved in this court to permit the trial court to strike the condition from the judgment and sentence. This court granted his request in January. Accordingly, we need not address this argument any further.

## STATEMENT OF ADDITIONAL GROUNDS

Skaar raises three claims in his statement of additional grounds. None have merit.

First, Skaar appears to argue that the evidence was not sufficient to show a substantial step. For reasons already discussed, we reject this argument.

Second, Skaar argues that the judge rushed the jury into delivering a verdict. But the record does not support this assertion.

Finally, Skaar asks this court to amend the no-contact order prohibiting him from having contact with minors. Because Skaar does not present any argument that this court can review, we decline to address this claim any further.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Leach, J._                    _Schindler, J._